IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOWELL W. WOLTZ,

            Plaintiff,

v.                                            CIVIL ACTION NO. 5:09-cv-01177

DAVID A. BERKEBILE,

            Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed the Plaintiff's Motion for Order and Interlocutory Relief Pursuant to Rule 65(a) (Document No. 13), Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 24), and Plaintiff's [Motion for] Joinder of Defendants Under Rule(s) 20(a)(2)(A) & (B), Officially and Individually (Document No. 45). The assigned Magistrate Judge has reviewed each motion and submitted proposed findings and recommendations. Plaintiff's objections to those findings are considered herein.

*I. BRIEF BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff Howell W. Woltz, a federal prisoner incarcerated at the Federal Correctional Institution in Beaver, West Virginia ("FCI Beckley"), filed a *pro se* civil rights action against David A. Berkebile, Warden[1] of FCI Beckley, pursuant to 28 U.S.C. §§1331 and 1983, alleging deliberate indifference to his dental needs, in violation of the Eighth Amendment of the United States

---

[1] Plaintiff asserts in his Complaint that "the Defendant is sued individually and in his official capacity." (Complaint (Document No. 3), ¶ 5.)

Constitution on November 2, 2009.[2]  In his Complaint, Plaintiff alleges that when he arrived at FCI Beckley on February 8, 2008 he suffered from abscessed teeth which caused him serious pain. (Complaint, ¶ 7.)   Plaintiff also alleges that he requested, but did not receive, dental care in the twenty-two (22) months of his incarceration and that on December 25, 2008, an abscessed tooth "crumbled from the lack of care [thereby] exposing [a] nerve" and intensifying his pain. (Complaint, ¶¶ 8, 11.)  Plaintiff further alleges that he has also been denied preventative and remedial dental care (Complaint, ¶ 28) and that "Defendant is and has been aware of [the] inadequacy of dental care at FCI Beckley for several months, yet has taken no discernible steps to remedy the dearth of constitutionally required care[.]" (Complaint, ¶ 17.)  Plaintiff affirmatively stated that he exhausted his administrative remedies. (Complaint, ¶ 21) ("Plaintiff, Howell Woltz, has used the prison grievance procedure available at FCI/FPC-Beckley to try and solve the problem since his arrival almost 21 painful months past. [Plaintiff] has patiently followed the procedure due to the unwritten policy and culture of FCI/FPC-Beckley, which rewards the use of legitimate grievance procedure with retaliation by staff, and delays.").  In contrast to this November 2, 2009 filing, two days later, Plaintiff  filed a Form Complaint (denoted in the record as a Supplemental Complaint (Document

---

[2] On October 28, 2009, Plaintiff forwarded a letter addressed to the Honorable R. Clarke VanDervort, Magistrate Judge for the United States District Court for the Southern District of West Virginia, with respect to his "Motion for Declaratory Judgment" in a separate unrelated case (Civil Action Number 5:09-cv-209).  In the letter, Plaintiff mentioned that he "had no dental care in all of those years, and still have an unattended broken shoulder from the dangerous joyride this summer, twice around the United States."  Plaintiff did not specifically list any party defendant or make any statement with respect to his claims.  In response to this letter, the Clerk of Court filed the document as a "Letter-Form Section 1983 Bivens Complaint" (Document No. 1) and designated the United States of America as the Defendant.  The Clerk of Court also mailed to Plaintiff, a 1983 Complaint Form, Application to Proceed Without Prepayment of Fees and Costs, and Authorization to Release Institutional Account Information Form.

No. 6) wherein he solely listed the named defendant as the United States of America and referred the Court to his Complaint for the statement of his case and requested relief.[3]

By Order (Document No. 2) entered on October 28, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 19, 2009, Magistrate Judge VanDervort assessed Plaintiff's allegations pursuant to the requisite screening process provided for by 28 U.S.C. § 1915A. The Magistrate found that Plaintiff's allegations, when liberally construed, preliminarily stated a cognizable claim, pursuant to the Eighth Amendment of the United States Constitution remediable under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Order Granting Application to Proceed Without Prepayment of Fees (Document No. 9) at 4, 6.) The Magistrate noted that a *Bivens* action is the federal counterpart of an action pursuant to 42 U.S.C. § 1983 and that such claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. (*Id.* at 3-4.) The Court subsequently granted Plaintiff's application to proceed in forma pauperis and ordered that the Clerk should not issue process unless and until Plaintiff paid the initial partial filing fee.[4]

---

[3] Plaintiff seeks a finding that his constitutional rights have been violated, $150,000 in compensatory damages, and $2,000,000 in punitive damages. Plaintiff also seeks injunctive relief that encompasses a requirement that Warden Berkebile: (1) provide a dental professional to "repair and restore all of Plaintiff's teeth, cavities, and gums, to standard A.D.A. care[,]" (2) to hire staff to provide adequate dental care to all inmates and (3) to order staff not to retaliate against inmates for filing complaints on lack of care. (*See* Complaint, ¶¶ 30-33.).

[4] Plaintiff paid the $350 filing fee on January 13, 2010. (*See* ECF Entry Document No. 19). The Clerk of Court issued summons to David A. Berkebile, Warden, U.S. Attorney and the Attorney General of the United States by certified mail on January 14, 2010. (*See* ECF Entry, Document No. 20.)

On December 16, 2009, prior to the issuance of the summons, Plaintiff sought discovery and an interlocutory order requiring Defendant to provide him with the medical and dental care required by law and the United States Constitution, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. (*See* Motion for Order and Interlocutory Relief Pursuant to Rule 65(a) (Document No. 13)).

In lieu of a responsive pleading to Plaintiff's Complaint, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Document No. 24), wherein he argues, among other things, that Plaintiff failed to exhaust his administrative remedies before he filed the instant action, pursuant to 42 U.S.C. § 1997e(a) and that "[e]ven if Plaintiff had filed administrative remedies regarding his claim, the action should be dismissed as Warden Berkebile is the sole defendant in this case and it is well settled that the doctrine of *respondeat superior* cannot form the basis of a claim for violations of a constitutional right in any *Bivens* action." (*See* Defendant's Memorandum of Law in Support of the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Def.'s Memo") (Document No. 25) at 2-7.) Defendant also argues that Plaintiff did not sufficiently demonstrate that injunctive relief is warranted.[5]

In opposition, Plaintiff chiefly contends that "[t]he instant litigation is not about 'prison conditions,'" but rather "violations of the Untied States Constitution and the acts and omissions on the part of the defendants." (Response to Motion to Dismiss and Notice of Default ("Pl.'s Oppn.") (Document No. 30) at 4.) In marked contrast to the allegation in his Complaint, Plaintiff states, for

---

[5] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Plaintiff was advised of the dispositive nature of Defendant's motion, his right to file a response and to submit affidavits or statements subject to the penalties of perjury, exhibits and/or other legal or factual material supporting his challenge of the motion.

4

the first time, that "[t]he administrative remedy process has been rendered ineffective by defendants, making further exhaustion impossible" and that the "[a]dministrative remedies, within those allowed, have been fully exhausted as proven by [attached] Exhibits." (Pl.'s Oppn. at 5.) Plaintiff also sought an extension of time to conduct discovery pursuant to Rule 56(f) of the Federal Rules for Civil Procedure (Document No. 31).

In his reply, Defendant maintains, *inter alia*, that Plaintiff failed to exhaust the administrative remedies and that his allegations that the administrative remedy process is ineffective is belied by the steadily increasing numbers of administrative remedies filed at the FPC camp where Plaintiff is located at FCI Beckley. (Defendant's Reply ("Reply") (Document No. 34)). On June 17, 2010, Plaintiff sought to join additional defendants in the instant action. (*See* Joinder of Defendants Under Rule(s) 20(a)(2)(A) & (B), Officially and Individually (Document No. 45.))

On August 4, 2010, Magistrate Judge VanDervort considered and submitted his Proposed Findings and Recommendation ("PF&R") wherein he found that Plaintiff failed to exhaust the administrative remedies, improperly raised his claim against Defendant under the doctrine of *respondeat superior* and failed to establish supervisory liability and that injunctive relief was not warranted. Magistrate Judge VanDervort recommended denying Plaintiff's motion for injunctive relief, granting defendant's motion to dismiss, or in the alternative, motion for summary judgment, denying Plaintiff's motion to add additional defendants to the litigation and dismissing the Complaint. Plaintiff timely submitted objections to the Magistrate's Proposed Findings and Recommendation. For the reasons stated below, the Court adopts the recommendation in part.

## II. STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S PF&R

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. LEGAL STANDARD

*A. Motion to Dismiss*

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true all well-plead allegations and view[s] the complaint in the light most favorable to the plaintiff." *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir.2007); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991). To survive a motion to dismiss made pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

556 (2007)). The determination of whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. (citation omitted). "[T]he facts alleged must be enough to raise a right to relief above the speculative level." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir.2009) (quoting *Twombly*, 550 U.S. 544, 556 (2007)) (internal quotations omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" (*Iqbal*, 129 S.Ct. at 1950 ) (citing Fed. Rule Civ. Proc. 8(a)(2)). Finally, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).[6]

B. Motion for Summary Judgment

The well-established standard in consideration of a motion for summary judgment is that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *see also Hunt v. Cromartie,* 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson,* 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.

---

[6] (*See supra* n.5.)

*Id*. The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23. When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party. *North American Precast, Inc. v. General Cas. Co. of Wis.*, Civil No.02:04-1306, 2008 WL 906334, *3 (4th Cir. Mar. 31, 2008). The nonmoving party must satisfy their burden of proof by offering more than a mere "scintilla of evidence" in support of their position. *Anderson*, 477 U.S. at 252. If the non-moving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson,* 477 U.S. at 250.

## IV. DISCUSSION

*A. Proposed Findings and Recommendation*

The PF&R sets forth in detail the relevant facts involved in this case, and the Court incorporates by reference those facts without further recitation.[7] Magistrate Judge VanDervort considered that: on February 5, 2009, Plaintiff filed a BP-9 form to challenge disciplinary action taken by the Unit Discipline Committee; Plaintiff was not incarcerated at FCI Beckley from April 16, 2009 to August 26, 2009; Plaintiff filed four "Inmate Request to Staff" forms that included claims with respect to the lack of dental treatment during the period of September 2, 2009 through

---

[7] Plaintiff states that he "accepts and adopts the [PF&R's] recounting of events and admission . . . but challenges how it can then claim administrative remedy was not exhausted." (Pl.'s Objections, ¶ 14.)

October 23, 2009, when his letter-form Complaint was filed with this Court;[8] and that on January 11, 2010, well after the initiation of this case, Plaintiff filed an "Inmate Request to Staff" form complaining that he was not receiving requested dental treatment. In response to the January 11, 2010 form, the medical staff responded one day later and advised Plaintiff that he was added to the sick call list. The Court also considered that on February 18, 2010, Plaintiff filed an "Inmate Request to Staff" form complaining that he lost the job at the law library based upon a false incident report filed by Officer Taylor.[9] Based on these filings, the Magistrate concluded that Plaintiff filed his Complaint without first exhausting his administrative remedies.[10]

The Magistrate next considered whether Plaintiff is excused from administrative remedy exhaustion given his allegations that prison officials refused to provide him BP-9 forms and retaliated against inmates for attempting to exhaust their administrative remedies. The Magistrate considered the "numerous Affidavits" Plaintiff attached to his opposition from fellow inmates who alleged that they were prevented from exhausting their remedies and retaliated against. Magistrate VanDervort concluded that the affidavits were "extraneous evidence" which did "nothing more than

---

[8] In response to his September 28, 2009 "Inmate Request to Staff" form concerning the lack of dental treatment, Dental Assistant K. Karl responded on October 1, 2009, as follows: "You signed up for dental sick call on 9-3-09. The list is very long. Have 1 dentist for all inmates at FCI/FPC Beckley! There are inmates on the list that have been waiting for several months! You will be put on the call out as soon as possible." (*See* Joinder of Defendants Under Rule(s) 20(a)(2)(A)&(B), Officially and Individually (Document No. 45), Exhibit A at 27.)

[9] The undersigned observes that the date included in the PF&R is a typographical error and should have been February 17, 2009. (*See* Pl.'s Oppn. at 23.)

[10] Magistrate VanDervort also gave consideration to the declaration of John Grimes, Correctional Counselor for the Satellite Prison Camp at FCI Beckley, filed in support of Defendant's motion. (*See* Def.'s Mot., Declaration of John Grimes ("Grimes Declaration") (Document No. 24) at 3). In his Declaration, Mr. Grimes states that he is the assigned Counselor for Mr. Woltz; that he has "access to the [prison's] SENTRY computer database, which tracks the status, activities and administrative remedies of inmates while in federal custody[]"; that a review of the SENTRY administrative history reveals that Mr. Woltz has not filed any administrative remedies regarding his dental treatment; that when requested, administrative remedy forms were provided from him and that Mr. Woltz could have obtained the forms from his case manager, other counselors, or the Camp Administrator. (Grimes Declaration, ¶¶ 2, 4, 6, 8, 10).

support Plaintiff's self-serving allegations." The Magistrate concluded that the affidavits from each inmate related to their own personal experience. Thus, the affidavits were found not to support a finding or conclusion that prison officials retaliated against or prevented Plaintiff from exhausting his administrative remedies. The Magistrate also considered that Plaintiff filed one BP-9 form in February, 2009 and at least six other informal "Inmate Request to Staff" forms and determined that allegations that the administrative remedy process was unavailable to Plaintiff were without merit.[11]

Additionally, Magistrate VanDervort found that Plaintiff improperly raised his claim against Defendant Berkebile under the doctrine of *respondeat superior* and failed to establish supervisory liability. The Magistrate concluded, based on the record, that Defendant Berkebile was not aware of Plaintiff's allegations that medical staff were not providing adequate dental care or medical treatment and that there was no evidence that Defendant Berkebile was personally involved in any denial of treatment, deliberately interfered with Plaintiff's treatment or tacitly authorized the prison physician's conduct.[12]

Finally, with respect to Plaintiff's motion for injunctive relief, the Magistrate, employing the factors enumerated in *Blackwelder Furniture Co. v. Selig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1997), found that given that Plaintiff acknowledged that he has received treatment for his abscessed tooth since the filing of his Complaint, there is no likelihood of irreparable harm; that courts should generally avoid interfering with medical care of prisoners and that there was no likelihood that

---

[11] The Magistrate noted that Plaintiff has a total of eight cases pending before this Court and the Western District of North Carolina.

[12] The Court finds that Plaintiff did not object to the Magistrate's finding. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Therefore, the Court adopts the PR&R with respect to this issue.

Plaintiff would succeed on the merits given the finding that he failed to exhaust administrative remedies. Consequently, the Magistrate recommended the dismissal of Plaintiff's motion for interlocutory injunctive relief and to join additional defendants in the action.[13]

*B. Objections*[14]

Plaintiff availed himself of the opportunity to contest the proposed findings and recommendation through the presentment of a plethora of objections. Indeed, some objections are general (*see* Pl.'s Objection, ¶¶ 3, 31, 35) and some are best characterized as expressing Plaintiff's discontentment with the Court's referral of *pro se* prisoner litigation to a magistrate for findings and recommendation, (*see* Pl.'s Objections, ¶¶ 1-2, 4, 32) or the Magistrate's ruling on non-dispositive motions for discovery prior to this Court's consideration of the PF&R (*id.*, ¶ 1.) The Court finds that Plaintiff complains about the procedural aspects of *pro se* prisoner litigation. To the extent that such contentions may be deemed proper objections, the Court finds that they are general, conclusory

---

[13] Plaintiff did not object to the Magistrate's finding that injunctive relief is not warranted in this case. This Court has reviewed Plaintiff's Motion for Order and Interlocutory Relief Pursuant to Rule 65(a) (Document No. 13) and Defendant's opposition thereto. (*See* Def.'s Memo at 9-11.) Upon consideration of the test articulated by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, - - U.S. - - , 129 S.Ct. 365, 374-76 (2008); (*see also The Real Truth About Obama v. Federal Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009)), the Court finds that Plaintiff has not sufficiently demonstrated that injunctive relief is warranted. Thus, the Court modifies the Magistrate's finding and denies Plaintiff's Motion for Order and Interlocutory Relief Pursuant to Rule 65(a).

[14] As a preliminary matter, at the outset of his objections, Plaintiff contends that "Defendants have denied access to [the] law library since [the] magistrate's Proposed Findings and Recommendations were received, on information and belief, to deny timely filing of response(s), requiring this [objections to the proposed findings and recommendation] to be written by hand, without access to law, or means to copy." (Response to Proposed Findings and Recommendation ("Pl.'s Objection") (Document No. 51)). Notwithstanding this assertion, Plaintiff submitted a forty-three (43) page response to the proposed findings and recommendations on August 17, 2010, six days before the Court's prescribed deadline. The Plaintiff neither availed himself of the full time period of up to and including August 23, 2010 to submit his objections, nor sought an extension of time in which to perfect his objections on his basis. Plaintiff does not explain how or why he believes he was denied access to the law library or state the manner in which he requested access to the library. Moreover, the Court observes that Plaintiff included various citations to case authority in his response (*See* Pl.'s Objection, ¶¶ 16, 20, 22, 25, 30, 36, 38, 41, 49, 52-53). Thus, the Court finds that any prejudice the Plaintiff attempts to implicitly allege that he has suffered, is of no moment.

objections which do not warrant *de novo* review and are without merit.[15] Delegation to the magistrate of cases–pressed in the nature of the instant case–does not run afoul of the Constitution as this Court retains its authority to consider the issues under dispute and accept, reject or modify the magistrate's findings. *See United States v. Raddatz*, 447 U.S. 667, 680 ("Due process rights . . . are adequately protected by [28 U.S.C.] § 636(b)(1). . . . [T]he district court judge alone acts as the ultimate decisionmaker, the statute grants the judge broad discretion to accept, reject, or modify the magistrate's proposed findings.") Plaintiff also asserts objections which are of fantastic or delusional scenarios, without substantive argument or presentation of evidence, that the instant proposed findings and recommendation were not written by the Magistrate, but instead "prepared with the assistance of the Legal Center at FPC- Beckley, co-workers of defendants." (*Id*., ¶¶ 5-10, 29, 31 )[16] The Court finds that these assertions are devoid of any evidentiary support or factual basis. Thus, such objections are overruled as they are wholly without merit.[17]

---

[15] Moreover, the Court finds that the Magistrate's consideration of pretrial non-dispositive motions were not clearly erroneous or contrary to law. (*See* 28 U.S.C. § 636(b)(1)(A)). However, the Court will re-consider Plaintiff's Motion for Extension of Time to Conduct Discovery Pursuant to Rule 56(f) and Affidavit in Support Thereof (Document No. 31), during its consideration of the *de novo* review of Defendant's alternative motion for summary judgment, *infra*. Additionally, Plaintiff contests the magistrate's finding in light of his pending Motion for Sanctions Against Counsel Pursuant to Rule 11(c)(2) (Document No. 42). The Court has denied Plaintiff's motion by a separate order. Thus, the noted objection is overruled.

[16] Plaintiff characterizes the PF&R as "boilerplate" and points to a typographical error in the report with respect to a gender specific pronoun (*i.e.*, a footnote containing a reference to "she" instead of "he") to demonstrate what he perceives as "sloppy work, not consistent with that of [the] magistrate in plaintiff's years of experience reviewing his opinions." (*Id*., ¶¶ 5, 8.) Plaintiff states that "[he] is not required to spar with a ghost and on information and belief . . . the [PF&R] may not entirely represent the work of [the] signatory, but rather, partisan attorneys." (*Id*., ¶ 5.) Additionally, Plaintiff asserts that "on reliable information and belief, the defendants' in-house attorneys at FCI/FPC Beckley were allowed to assist in crafting [the] Proposed Findings and Recommendations in this case." (*Id*., ¶ 9.) The Court notes that Plaintiff fails to present the "reliable information" upon which he relies.

[17] Plaintiff also contests the Magistrate's consideration of the Defendant's Declaration of John Grimes because the declaration was made pursuant to "Section 1746 of Title 18, United States Code." (*See* Grimes Declaration (Document No. 24), at 3.) Plaintiff first asserted this argument in his opposition. (*See* Pl.'s Oppn. at 1). Defendant acknowledged in his Reply, that "Officer Grimes' Declaration does contain a typo; 18 U.S.C. § 1746 should read 28

(continued...)

Plaintiff also challenges whether the United States is a party to this litigation and the Magistrate's finding that he failed to exhaust the administrative remedies. The Court will consider the portions of the report to which these objections are made, in turn.

*(1) The United States is not a party to this Bivens action*

Plaintiff contests the dismissal of his Complaint by arguing that the "United States is also a defendant in this case and [that] no defense has been made on its behalf." (Pl.'s Objections, ¶ 13-14, 45-47, 50.) Plaintiff contends that on April 16, 2009, he was "shipped out [of FCI Beckley] on a writ of no known purpose" which included stops at various correctional institutions in Oklahoma, Georgia, and North Carolina. (*See* Complaint, ¶ 3.) According to Plaintiff, he filed grievances at each facility to receive dental treatment of his abscessed teeth, but he was denied relief. (Pl.'s Objection, ¶¶ 13-14.) Plaintiff, in his objections to the PF&R, contends that the "22 months of deliberate indifference [due to the alleged denial of dental treatment] must be laid at that defendant's feet." (Pl.'s Objection, ¶¶ 13.) Plaintiff argues that the lack of a defense by the United States is an "admi[ssion] [of] its guilt[]" and that the United States is in default. (*Id.*, ¶45.) This Court disagrees.

*Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. (*See FDIC v. Meyer*, 510 U.S. 471, 475, 484-86 (1994)).

---

¹⁷(...continued)
U.S.C. § 1746." (Reply at 2, n.2); (*see also* PF&R at 21, n.7.) Plaintiff seemingly disregards this explanation and insists that the declaration is "[f]alse testimony . . . submitted under [a] statute which does not exist (18 U.S.C. § 1746), on information and belief, to mislead the district court without risking criminal charges against affiant/defendant Grimes." (Pl.'s Objections, ¶ 4(A)(2).) Plaintiff's contention of some nefarious motive on the part of the Defendant is unsupported with a factual basis. The citation noted by Plaintiff is a typographical error that amounts to the slip of a finger. Thus, to the extent that Plaintiff objects to the Court's consideration of this affidavit based on the typographical error found in the document, the objection is overruled.

Plaintiff initiated this suit by framing this civil action as one authorized by 42 U.S.C. § 1983 for the alleged denial of dental treatment. (*See* Complaint, Document No. 3, ¶ 1)("This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of federal law, of rights secured by the Constitution of the United States.")) At the outset of this litigation, Magistrate Judge VanDervort considered Plaintiff's allegations, pursuant to 28 U.S.C. § 1915A, and determined that Plaintiff asserted allegations–when construed liberally–for a cognizable claim, pursuant to the Eighth Amendment of the United States Constitution remediable under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), despite Plaintiff's labeling of his Complaint. (*See* Order Granting Application to Proceed Without Prepayment of Fees (Document No. 9) at 4, 6). The Magistrate noted then that the United States was not a proper party in a *Bivens* action. (*See id.* at 4.) Plaintiff neither contested the Magistrate's determination that he asserted a claim under *Bivens,* nor sought clarification with respect to the parties in this case. Moreover, Plaintiff has not sought to amend his complaint to assert a claim against the United States under any other theory. Thus, while Plaintiff may have listed the United States as party in this *Bivens* action (*see* Supplemental Complaint (Document No. 6) at 4), the Court finds that such a claim shall be dismissed.[18] Thus, Plaintiff's objection is overruled.

---

[18] Likewise, the Court also dismisses any claims brought against Defendant Berkebile in his official capacity. (*See supra*, n.1.)

14

(2)     *Exhaustion of Administrative Remedies*[19]

Plaintiff contests the Magistrate's finding that he failed to exhaust administrative remedies by contending that: (1) his cause of action does not concern "prison conditions" and, therefore, he is not subject to the exhaustion of administrative remedies, and that even if the court finds exhaustion is required, he exhausted all available remedies, when he requested a BP-9 form from his prison counselor and he was refused the form; (2) administrative remedies forms can only be obtained from staff members who often retaliate against inmates for requesting the forms; and (3) the Magistrate failed to consider the extrinsic evidence he offered from other inmates who were also denied the forms.

Although Plaintiff has made specific objections to the Magistrate's finding with respect to exhaustion, the Court finds the objections are irrelevant. The Court finds it is of greater significance to consider the findings that Plaintiff has elected not to challenge. Specifically, Plaintiff, in his forty-three page objections document, did not contest the Magistrate's finding that "there is no evidence that Defendant was personally involved in a denial of treatment to Plaintiff, deliberately interfered with Plaintiff's treatment or tacitly authorized the prison physician's conduct," and that "Plaintiff improperly raised his claim against Defendant Berkebile under the doctrine of *respondeat superior* and that he failed to establish supervisory liability." (PF&R at 25, n.14.) The Court has previously

---

[19] The Prison Litigation Reform Act ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal Law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2006); *Woodford v. Ngo,* 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.,* 407 F.3d 674, 677 (4th Cir.2005). Pursuant to § 1997e(a), the exhaustion requirement is applicable to *Bivens* claims. *See Hill v. Haynes*, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished) (citing *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1214 (10th Cir.2003), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007); *Booth v. Churner,* 206 F.3d 289, 291 (3d Cir.2000)).

adopted that finding, absent any objection from Plaintiff. (*See supra* n.12) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Thus, the Court finds that even if the Court assumes, without deciding, that Plaintiff exhausted his administrative remedies, the result of the Magistrate's finding is that the instant case as to Defendant Berkebile should be dismissed. As noted above, this Court, has previously found that the United States is not a party to the instant suit. Those were the only two Defendants named in this action.[20] Thus, the Court finds that Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment should be granted.[21]

---

[20] Plaintiff also failed to object to the Court's denial of Plaintiff's [Motion for] Joinder of Defendants Under Rule(s) 20(a)(2)(A) & (B), Officially and Individually (Document No. 45.))

[21] The Court notes that Plaintiff submitted a Rule 56(f) affidavit in response to Defendant's alternative motion for summary judgment. Plaintiff asserts that depositions of various individuals, including Defendant, is "required and necessary for the preparation of an adequate and complete response [to the Defendant's motion.]" (Motion for Extension of time to Conduct Discovery Pursuant to Rule 56(f) and Affidavit in Support Thereof (Document No. 31), ¶ 7.) Specifically, Plaintiff contends that the subject matter of that discovery includes:

> A. Discovery materials in possession of United States regarding denial of dental treatment for the entire period of time prior to arriving at FCI/FCP Beckley.
>
> B. Denial of treatment for broken shoulder by current and future defendants in this action, their depositions and records.
>
> C. Affidavits of victims of similar abuse by the medical staff under Defendants' [sic] supervision and authority, both living, and recently deceased, proving unresolved material disputes.
>
> D. Deposition of defendants' [sic] erstwhile affiant, Counselor John Grimes, and affidavits of those in his custody and care proving his, and therefore, defendants' response, untruthful, in addition to being invalid (filed under non-existent statute).

(Id., ¶ 8.) The Court has considered Plaintiff's asserted need for discovery and finds that even in light of this request, he has not sought discovery for matters that would have allowed him to challenge the court's finding with respect to the lack of supervisory liability. Moreover, the Court finds Plaintiff's request for materials regarding the denial of dental treatment prior to his arrival at FCI Beckley is irrelevant to the instant litigation.

## V. CONCLUSION

Thus, based on the foregoing findings, the Court does hereby **ORDER** that the Magistrate's Proposed Findings and Recommendation is **ADOPTED IN PART.**[22] The Court **ORDERS** that Plaintiff's Motion for Order and Interlocutory Relief Pursuant to Rule 65(a) (Document No. 13) and Plaintiff's [Motion for] Joinder of Defendants Under Rule(s) 20(a)(2)(A) & (B), Officially and Individually (Document No. 45) are **DENIED**. Lastly the Court **ORDERS** that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 24) is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 27, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[22] (*See supra* n.13.)